IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARCUS NAGEL, FLA. I.D. #571900508, | ) ) ) | CIV. NO. 19-00111 DKW-RT |
| Plaintiff, | ) ) ) | ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION |
| vs. | ) ) | |
| PATRICIA JANVIER, *et al.*, | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Before the Court is pro se Plaintiff Marcus Nagel's prisoner civil rights

Complaint and application to proceed in forma pauperis.  Nagel is incarcerated at

the Joseph V. Conte Facility, located in Pompano Beach, Florida.[1]  Nagel names

189 Defendants, many of whom are unidentified, and none of whom are alleged to

be residents of Hawaii.[2]

Nagel alleges diversity jurisdiction is proper in the District of Hawaii

because the "Parties are domiciled in different states," and "the amount in

controversy exceeds $75,000;" he also alleges federal question jurisdiction.

Compl., ECF No. 1, PageID #9; *see* 28 U.S.C. §§ 1331, 1332.  Nagel sets forth

---

[1]Nagel's in forma pauperis application states that he is in Fort Lauderdale, Florida at the Paul Rein Facility; his return address and public records, however, show that he is in custody at the Joseph V. Conte Facility.  https://apps.sheriff.org/ArrestSearch/InmateDetail/261900107.

[2]It is unclear where Defendants are alleged to be residents; Nagel asserts addresses for *some* Defendants as Australia, New Zealand, New York, Florida, and Saudi Arabia.

fifty-two causes of action apparently alleged against each Defendant.[3] *See* Compl., ECF No. 1, PageID #16-18.

Nagel seeks $15 million in compensatory and punitive damages and unidentified declaratory and injunctive relief. Neither federal nor Hawaii public criminal databases show that Nagel was ever arrested or convicted in Hawaii, and nothing in the Complaint suggests a connection between his claims and Hawaii.

For the following reasons, Nagel's in forma pauperis application is DENIED, and this action is DISMISSED with prejudice as frivolous and for failure to state any colorable claim for relief, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

---

[3]Nagel alleges: Assault; Battery; False Imprisonment; Malicious Prosecution; Defamation; Intentional and Negligent Infliction of Emotional Distress; Abuse of Authority; Negligence; Strict Liability; Tortious Interference with Contract; RICO Violations; Violations of Civil and Constitutional Rights; Invasion of Privacy; Public Disclosure of Private Facts; Intimidation; Loss of Consortium; Loss of Income; Unlawful Harassment, Discrimination, and Retaliation; Fraud; Fraudulent and Negligent Misrepresentation; Qui Tam; Conspiracy; Attempt; USC Criminal Violations; US Treaty Violations; Violation of Human Rights; Breach of Privilege and Attorney Work Doctrine; Agent Liability; Vicarious Liability; Statutory Liability; Breach of Trust; Deceit; FINPA Rules Violations; SEC IA Rules Violations; Failure to Supervise; Conversion; Trespass to Chattels; Official Misconduct; Breach of Duty; Failure to Supervise; Facilitation; Solicitation; EEOC Rule Violations; NJ Civil Rights Violations; and NY Civil Rights Violations. Compl., ECF No. 1, PageID #16-18.

# I.  STATUTORY SCREENING

The court is required to screen Nagel's claims pursuant to 28 U.S.C.

§§ 1915(e)(2) and 1915A(a).  Claims that are frivolous, malicious, fail to state a

claim for relief, or seek damages from defendants who are immune from suit must

be dismissed.  *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

A complaint must "contain sufficient factual matter, accepted as true, to state

a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (internal quotation marks omitted); *Simmons v. Navajo Cty., Ariz.*, 609 F.3d

1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th

Cir. 2009).

The court may dismiss a claim as frivolous when it is based on an

indisputably meritless legal theory or where the factual contentions are clearly

baseless.  *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v.

Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  A claim is legally frivolous

when it lacks an arguable basis in law or in fact.  *Neitzke*, 490 U.S. at 325.  A

complaint lacks an arguable basis in fact when "the facts alleged are clearly

baseless, a category encompassing allegations that are fanciful, fantastic, and

delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  The critical inquiry is

whether a claim, however inartfully pleaded, has an arguable legal and factual

basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by*

*statute as stated in Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A]

judge may dismiss [in forma pauperis] claims which are based on indisputably

meritless legal theories or whose factual contentions are clearly baseless.");

*Franklin*, 745 F.2d at 1227.

Pro se litigants' pleadings must be liberally construed, and all doubts should

be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)

(citations omitted). The court must grant leave to amend if it appears the plaintiff

can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130. If a claim or

complaint cannot be saved by amendment, dismissal with prejudice is appropriate.

*Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. <u>DISCUSSION</u>

Nagel's forty-nine page pleading consists of primarily incoherent and

conclusory statements. The Court has struggled to comprehend Nagel's claims but

finds that it is effectively impossible to understand what Nagel alleges Defendants

did to violate his federal rights or why he chose to bring this action in the District

of Hawaii. That is, there appears to be no legal, comprehensible allegations in the

Complaint, or any explanation why venue for this action exists in the District of

Hawaii. Nagel's Complaint clearly satisfies *Neitzke*'s and *Denton*'s frivolousness

standard and is DISMISSED as legally frivolous and implausible on its face, and

for its failure to state any claim upon which relief can be granted. *See Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007).

Nagel filed four other actions in the District of Hawaii on or within days of the date that he commenced this action, all alleging virtually identical causes of action against many of the same defendants.[4]  The complaints in each of these cases are equally incoherent, fantastical, and conclusory, with no apparent connection to Hawaii.  In light of this Court's careful review of this case, Nagel's other recently filed actions in this court, and Nagel's actions filed in other federal district courts,[5] the Court is convinced that granting Nagel leave to amend is futile, and this dismissal is with prejudice.

## III. CONCLUSION

This action is DISMISSED with prejudice, and Nagel's Application to Proceed In Forma Pauperis is DENIED.  Unless overturned on appeal, this dismissal may count as a strike pursuant to 28 U.S.C. § 1915(g).  The Clerk of

---

[4]*See Nagel v. Diaz, et al.*, No. 1:19-cv-00110 HG-RT; *Nagel v. 425 Park South Tower Corp., et al.*, No. 1:19-cv-00112 LEK-KJM; *Nagel v. Warren, et al.*, No. 1:19-cv-00113 LEK-RT; *Nagel v. Hilton, et al.*, No. 1:19-cv-00123 DKW-RLP.

[5]*See e.g., Nagel, et al. v. United States, et al.*, No. 1:18-cv-02326 UNA (D.C.D.C. Nov. 19,2018) (dismissing non-prisoner action as frivolous); *Nagel, et al. v. City of New York, et al.*, No. 1:18-cv-02454 (D.C.D.C. Nov. 14,2018) (dismissing non-prisoner action as frivolous); *Nagel, et al.  v. Nagel, et al.*, No. 1:18-cv-20623 (S.D. Fla. Feb. 20, 2018) (dismissing prisoner action for failure to state a claim).

Court shall close the file and terminate this case. The Court will entertain no further filings in this action beyond processing a notice of appeal.

IT IS SO ORDERED.

DATED: March 14, 2019 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Marcus Nagel v. Patricia Janvier, et al.;* Civil No. 19-00111 DKW-RT; **ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION**

*Nagel v. Janvier, et al.,* No. 1:19-cv-000111 DKW-RT; Scrng '19 Nagel 111.